IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| CLAYTON LAINHART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 625-046 |
| | ) | |
| RYAN NUTT and REID RECOVERY | ) | |
| SERVICE INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

In consideration of the record, the Court **REPORTS** and **RECOMMENDS** this case be **REMANDED** to the Superior Court of Toombs County, Georgia, based on lack of subject-matter jurisdiction, and this civil action be **CLOSED**.

**I.   BACKGROUND**

Following a trucking accident involving Plaintiff and Defendant Nutt, (doc. no. 1-1, p. 2), Plaintiff filed this action in the Superior Court of Toombs County, and Defendants removed the case to federal court on June 4, 2025, asserting jurisdiction based on diversity of citizenship and an amount in controversy exceeding $75,000, (doc. no. 1, pp. 1-3). Plaintiff seeks recovery for "significant injuries," medical expenses, and other non-physical damages. (Doc. no. 1-1, p. 4.) There is no specific amount of damages claimed in the complaint or the removal notice. (See generally doc. nos. 1, 1-1.)

On June 9, 2025, this Court issued an Order directing Defendants to provide sufficient evidence within fourteen days establishing the amount in controversy after finding it is not

facially apparent from the complaint that Plaintiff's claim exceeds the amount in controversy requirement. (Doc. no. 4.) In response, Defendants argue the amount in controversy is satisfied because Plaintiff and his co-passenger[1] jointly tendered a preliminary settlement offer to Defendants' insurance company for $1,000,000. (Doc. no. 11, pp. 2-3; see also doc. no. 11-1, p. 20.) The settlement offer further noted Plaintiff had $8,988.27 in past medical expenses, valued non-economic damages for past and future pain and suffering at $1,689,542.40, and noted Plaintiff suffers from unspecified "continuing" and "evolving" injuries. (Doc. no. 11, pp. 2-3, 20; see also doc. no. 11-1.) Neither the settlement offer, nor the notice of removal, provide any breakdown as to how the $1,000,000 sum would be divided between Plaintiff and his co-passenger, who are now proceeding in lawsuits independent of each other. (See doc. nos. 11, 11-1.)

## II.   DISCUSSION

Generally, a defendant may remove an action from state court when the federal court would possess original jurisdiction over the subject matter, "except as otherwise expressly provided by an Act of Congress." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). The Court construes the removal statute narrowly. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 766 (11th Cir. 2010). "Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) (citation omitted).

---

[1] The co-passenger also brought suit against Defendants in the Superior Court of Toombs County, which Defendants also removed to this Court. See Ballard v. Nutt, CV 625-045, doc. no. 1 (June 4, 2025).

A removing defendant has the burden to establish federal jurisdiction. See Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007). And the removing party must point to facts, not conclusory allegations, to meet its burden. See Williams v. Best Buy Co., 269 F.3d 1316, 1319-20 (11th Cir. 2001). "A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." Pretka, 608 F.3d at 751.

Moreover, "[w]here, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Williams, 269 F.3d at 1319. Although a defendant need not "banish all uncertainty about" the amount in controversy, the Court requires a removing defendant to make "specific factual allegations establishing jurisdiction [that can be supported] . . . with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Pretka, 608 F.3d at 754; see also Dudley v. Eli Lilly & Co., 778 F.3d 909, 913 (11th Cir. 2014) (explaining "pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover. (citations, emphasis, and quotation omitted)). That is, the existence of jurisdiction should not be "divined by looking to the stars." Lowery, 483 F.3d at 1215.

An indeterminate claim for damages is not dispositive but should not be ignored by the Court. See Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1064 (11th Cir. 2010). Rather, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Id. at 1062 (footnote omitted). The Court's analysis is also guided by the following cautionary words from the Eleventh Circuit:

> Because jurisdiction cannot be conferred by consent, the district court should be leery of any stipulations the parties offer concerning the facts related to jurisdiction. Given that the parties share the goal of having this case decided in federal court, the district court should be especially mindful of its independent obligation to ensure that jurisdiction exists before federal judicial power is exercised over the merits of the case.

Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1275 (11th Cir. 2000).

Here, Defendants have failed to meet their burden by a preponderance of the evidence to show that the amount in controversy exceeds $75,000. As set forth in detail above, the original complaint itemizes no damages. (Doc. no. 1-1.) Thus, based on the face of the complaint, at the time of removal, the case fell well short of the jurisdictional amount in controversy requirement. Moreover, the demand letter attached to the show cause order response lists known medical expenses for Plaintiff of only $8,988.27 in past medical bills. (Doc. no. 11-1, p. 20.) The medical bills do not approach the amount in controversy, and Plaintiff's general request for unspecified loss of income, pain and suffering, and future medical expenses provides no detail or basis upon which the Court can make reasonable deductions, inferences, or other extrapolations. See Pretka, 608 F.3d at 754; see also Williams, 269 F.3d at 1318, 1320 (rejecting contention amount in controversy facially exceeded $75,000 where complaint alleged trip over curb caused permanent physical and mental injuries, substantial medical expenses, lost wages, diminished earning capacity—all of which would continue in future—and complaint contained demand for both compensatory and punitive damages in unspecified amounts).

Similarly, Defendants' argument that Plaintiff's damages are continuing in nature is insufficient to push the case beyond the $75,000 jurisdictional threshold. Indeed, despite Plaintiff's medical records reflecting he was prescribed a muscle relaxer and anti-inflammatory medication and referred to his primary care physician for follow-up days after the accident,

4

there is no evidence showing what future medical treatment is necessary. (See doc. no. 11-1.) In any event, because jurisdiction must exist at the time of removal, the possibility of future medical expenses or other continuing damages is not determinative. Sinclair v. State Farm Mut. Auto. Ins., No. 2:11-CV-320, 2011 WL 2746823, at *2 (M.D. Fla. July 14, 2011) ("The argument that the expenses will include future medical expenses, past wage loss, future wage loss, and pain and suffering is also irrelevant to the inquiry of whether the amount in controversy was adequate at the time of removal."). Moreover, although the demand letter calculates $1,689,542.40 non-economic damages to account for pain and suffering, this amount is too speculative. (See doc. no. 11-1, pp. 19-22.) Indeed, this figure was calculated based on a $5.00 per hour rate for sixteen waking hours for the remainder of Plaintiff's expected life. (See id.) Defendants provide no evidence to demonstrate why any of these figures are the appropriate metrics to determine the amount in controversy in this case.

Defendants also seek to rely on Plaintiff and his co-passenger's post-suit demand for $1,000,000 to settle the case. (Doc. no. 11, p. 2; doc. no. 11-1, pp. 19-22); see Williams, 269 F.3d at 1319 (explaining "the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed" if amount not facially apparent from the complaint). A settlement offer can be relevant to the jurisdictional amount, but it is not necessarily determinative. Burns v. Windsor Ins., 31 F.3d 1092, 1097 (11th Cir. 1994). However, absent sufficient itemization or further documentation in support,[2] the request for $1,000,000 for Plaintiff and his co-passenger's personal injury claims is of little value to this Court's analysis because "jurisdiction cannot be conferred by

---

[2] Court recognizes the demand letter itemizes Plaintiff's $8,988.27 in past medical bills and $1,689,542.40 in non-economic damages as support for the $1,000,000 demand. However, as discussed above, neither of these figures are properly supported, nor are they sufficient, for the Court to determine the requisite amount in controversy has been met.

5

consent." Morrison, 228 F.3d at 1275; see also Rembert v. Progressive Direct Ins., Civ. Act. No. 2:21-00078, 2021 WL 189 5902, at *3-4 (S.D. Ala. Apr. 21, 2021) (explaining "[s]ettlement offers commonly reflect puffing and posturing" which are entitled to little weight, but settlement offers providing specific information supporting claim for damages more suggestive of reasonable assessment of claim value and entitled to more weight (citing Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp.2d 1279, 1281 (S.D. Ala. 2009))), *adopted by* 2021 WL 1894140 (S.D. Ala. May 11, 2021). Considering the evidence of record, and based on the Court's experience, the $1,000,000 settlement demand is more posturing than a supportable assessment of the actual value of the case.

As explained above, the Court has an "independent obligation" to ensure federal jurisdiction exists. Morrison, 228 F.3d at 1275. Here, the Court cannot conclude the defense has met its burden to show by a preponderance of the evidence the value of this case meets the $75,000 jurisdictional threshold. Indeed, this finding is in line with the conclusions of District Courts within the Eleventh Circuit. See Pooser v. Wal-Mart Stores East, L.P., CV 124-114, 2024 WL 4536301 (S.D. Ga. Sept. 16, 2024), *adopted by* 2024 WL 4535462 (S.D. Ga. Oct. 21, 2024) (Hall, J.) (finding no jurisdiction in slip and fall case with approximately $37,000 in medicals, general request for future medical expenses, pain and suffering and loss of consortium, and refusal to stipulate to amount of damages below removal threshold); Williams v. Walmart Stores East, LP, CV 118-083, 2018 WL 3749470, at *2-3 (S.D. Ga. July 9, 2018) (finding no jurisdiction in slip and fall case with approximately $15,000 in medicals, pre-removal refusal by Plaintiff's counsel for stipulation of damages less than $75,000, and general request for future damages and ongoing pain and suffering damages), *adopted by* 2018 WL 3747454 (S.D. Ga. Aug. 7, 2018) (Hall, J.); Kenney v. Briggs & Stratton Corp., CV 116-113, 2016 WL 6650845, at *2-3 (S.D. Ga. Nov. 9, 2016) (finding no jurisdiction in pressure washer

6

injury case with $36,000 in medicals, post-removal removal response to request for admission that damages exceed $75,000, and $100,000 settlement demand), *adopted by* 2016 WL 7131539 (S.D. Ga. Dec. 6, 2016) (Hall, J.); Cobb v. Sanders, CV 116-073, 2016 WL 4197595, at *3 (S.D. Ga. Aug. 9, 2016) (finding no jurisdiction in vehicle accident case with $31,000 in medicals, allegations of general damages, and demand letter for $225,000), *adopted by* 2016 WL 4582067 (S.D. Ga. Sept. 1, 2016) (Hall, J.); Arrington v. Wal-Mart Stores, Inc., No. 7:13-CV-154, 2014 WL 657398, at *1 (M.D. Ga. Feb. 20, 2014) (finding no jurisdiction in slip-and-fall case with $44,000 in medicals and insufficient evidence to calculate future monetary losses); Cross v. Wal-Mart Stores, E., LP, No. 7:11-CV-21, 2011 WL 976414, at *2 (M.D. Ga. Mar. 17, 2011) (finding no jurisdiction in slip-and-fall case with $45,000 in medicals, allegations of general damages, and a demand letter for $125,000); *but see* Farley v. Variety Wholesalers, Inc., No. 5:13-CV-52, 2013 WL 1748608, at *2 (M.D. Ga. Apr. 23, 2013) (finding jurisdiction in premises liability case with $13,000 in medicals and the possibility of two future surgeries).

### III.   CONCLUSION

Because there is no subject-matter jurisdiction, the Court **REPORTS** and **RECOMMENDS** this action be **REMANDED** to the Superior Court of Toombs County, Georgia, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 2nd day of July, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA